UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DEMINNY WILLIAMS,                           :
                                            :   **ORDER**
                                            :
                      Plaintiff,            :   22-cv-438 (BMC)
                                            :
       - against -                          :
                                            :
                                            :
ZIM SHIPPING US LLC,                        :
                                            :
                                            :
                      Defendant.            :
                                            :
------------------------------------------------------------ X

**COGAN**, District Judge.

In this case under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, the Clerk of Court has entered defendant's default and plaintiff has moved for a default judgment. The motion is granted to the extent set forth below.

Plaintiff's affidavit in support of the motion is sketchy but the complaint, the factual allegations of which are deemed true by reason of defendant's default, are sufficient to award judgment. Her tenure with defendant was short; she worked from home from December 1, 2021 through January 6, 2022 (assuming one should disregard the stated date of January 6, 2021 as a typographical error). Her job was to receive packages at home and re-label and re-mail those packages to defendant's customers. Her agreement with defendant was to be paid a monthly salary of $2200 plus a $50 per package bonus for packages processed without delays. She alleges, however, that she was not paid at all.

Each full week during this period, she worked an average of 50 hours, and she has pro-rated that amount of worktime over the two partial weeks that she worked. She is not suing for

her missed salary because the minimum wage, overtime, and other recovery provisions of the wage laws come out much higher than $2200. Thus, she is claiming $15 per hour, the New York minimum wage, as her regular rate and $22.50 per hour in overtime. On that basis, she claims unpaid minimum wages of $3420 and unpaid overtime of $900. She claims liquidated damages of $4320, the combined total of her missed minimum wages and overtime, but it appears she is seeking to recover liquidated damages under both the FLSA and NYLL, which is not available. See Yun Hong Hua v. Eight Star Inc., No. 15-cv-0275, 2015 WL 2354322 (E.D.N.Y. May 15, 2015).

She also claims $5000 for the failure to provide her with wage statements under NYLL § 195(3) and another $300 for failure to provide wage notices under NYLL § 198(1-b), which is allowed.

She also claims prejudgment interest. I will allow that as available for the unpaid wages under the NYLL although it is not available under the FLSA. But even under the NYLL, interest cannot be assessed on liquidated damages or wage-statement and wage-notice violations. See Cazares v. 2898 Bagel & Bakery Corp., 2022 WL 1410677, at *12 (S.D.N.Y. Apr. 7, 2022), report and recommendation adopted, 2022 WL 1406203 (S.D.N.Y. May 4, 2022). Using the median point of plaintiff's employment (December 19, 2021) to the date of this decision and the 9% interest rate under N.Y. C.P.L.R. § 5004, plaintiff may recover an additional $308.46 in prejudgment interest.

I am disallowing her request that the judgment provide for an additional 15% to be added if it remains unpaid for 90 days pursuant to NYLL §§ 198(4), 663(4). I have previously expressed the view that these statutes are inapplicable to a federal judgment, see Chen v. Asian Terrace Restaurant, __ F. Supp. 3d __, 2022 WL 1460272 (E.D.N.Y. May 9, 2022), and I adhere

to that view. Similarly, although plaintiff requests it, there is no need for the judgment to provide for post-judgment interest as all federal judgments accrue interest at the Treasury bill rate as a matter of law. See 28 U.S.C. § 1961.

Finally, plaintiff requests 30 days to move for attorneys' fees and costs, extending the 14 days provided by Fed. R. Civ. P. 54(d). That request is granted.

Accordingly, the motion for a default judgment is granted to the extent set forth above. If plaintiff wishes to file a motion for attorneys' fees and costs, she must do so by July 20, 2022. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $14248.46.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       June 19, 2022

3